**LITIGATION PLAN**
**(Revised Effective 1/1/2019)**

PRESIDING JUDGE: Brailsford, Amanda K

DATE OF -SCHEDULING CONFERENCE: October 11, 2023

CASE NO: 1:23-cv-00325-AKB  NATURE OF SUIT: Trademark

CASE NAME:  Botanic Tonics, LLC v. MIT Therapy, Inc.

PARTY SUBMITTING PLAN:
    ☒ Plan **has been** stipulated to by all parties.
    ☐ Plan **has not been** stipulated to, but is submitted by:

        ATTORNEY:  Click here to enter text.

        REPRESENTING: Choose an item.

1.    **CASE MANAGEMENT TRACK**:  Indicate the track that best fits your case. Designation of a track is not binding but will assist the Court in assessing its workload and selecting a trial date and discovery schedule that meets counsel's needs.

    ☐    **Expedited Track** - Cases on this track will typically be set for trial approximately 9 to 12 months following the case management conference, take 4 days or less to try, and involve limited discovery.

    ☒    **Standard Track** - Cases on this track will typically be set for trial approximately 12 to 15 months following the case management conference, take about 5-10 days to try, and involve typical discovery. **Most cases fall within this category**.

    ☐    **Complex Track** - Cases on this track will typically be set for trial approximately 15 to 24 months following the case management conference, take more than 10 days to try, involve extensive discovery, and involve extensive expert testimony.

    ☐    **Legal Track** - Cases that involve legal issues likely to be resolved by motion rather than trial.  There will be little, if any, discovery.  A motion hearing will be set at the case management conference.

2.    **DISPOSITIVE MOTIONS FILING CUT-OFF DATE:  October 4, 2024**

a.  This is the critical event for case management and will dictate when the trial will be set.  Unless the case is resolved through dispositive motions, the case will likely be tried within 6 months following this date. **Therefore, this cut-off date should be set within 3-6 months following the case management conference for an expedited track case, within 6-9 months for a standard track case, and within 12-18 months for a complex track case.**

b.  A motion to amend to add a claim for punitive damages must be filed by the dispositive motion cut-off date. If the parties desire an earlier or later date to accommodate discovery related to the same, they should raise the issue with the court during the scheduling conference.

3.    **JOINDER OF PARTIES & AMENDMENT OF PLEADINGS CUT-OFF DATE: January 5, 2024**
 (Not more than 3 months following the Case Management Conference. This is the deadline for the filing of a motion to amend for reasons other than for adding a claim for punitive damages).

4.    **ALTERNATE DISPUTE RESOLUTION OPTIONS** - Pursuant to Local Rule 16.1 and 16.4, the parties must meet and confer about (1) whether they might benefit from participating in some form of ADR process; (2) which type of ADR process is best suited to the specific circumstances in their case; and (3) when the most appropriate time would be for the ADR session to be held.

Check Preference:

☐    Mediation (General Order No. 130) (Local Rule 16.4(b)(2))
☒    Settlement Conference (Local Rule 16.4(b)(1))
☐    Arbitration (Local Rule 16.4(b)(3))
☐    Other: Click here to enter text.

**ADR to be held by:** March 1, 2024

Regardless of whether the parties choose mediation, a judicially-supervised settlement conference, or some other form of ADR, the Court strongly encourages the attorneys to schedule ADR early in the proceedings and in advance of the filing of dispositive motions to reduce

the cost of litigation for their clients.  In addition, the trial will be set very soon after the resolution of dispositive motions so that there will be little time to engage in meaningful ADR after that date.

5.   **DISCOVERY PLAN.**  Fed. R. Civ. P. 26(f):   October 2, 2023

As required by Rule 26(f), the parties must submit a detailed Discovery Plan to the Court in advance of the Case Management Conference. **The Court expects the Discovery Plan will represent a good faith effort by all counsel to expedite the process and reduce the cost of discovery.** At a minimum, the Plan shall cover the topics set forth in Rule 26(f)(3), including the timing of initial disclosures, the subjects on which discovery is necessary, the timing of discovery, when discovery will be completed, whether phasing of discovery is appropriate, issues concerning ESI which need to be resolved, and whether there is a dispute among the parties in applying the proportionality standard of Rule 26(b)(1).

6.   **FACTUAL DISCOVERY CUT-OFF DATE: 6/28/2024**
(15-30 days prior to the dispositive motion cutoff).

Counsel may, however, stipulate that after dispositive motions have been decided the parties will engage in additional discovery focused on trial preparation.  This may include discovery relating to damage claims and other issues not typically resolved by dispositive motions.

7.   **EXPERT DISCOVERY CUT-OFF DATE: August 30, 2024**

8.   **EXPERT TESTIMONY DISCLOSURES:  Local Rule 26.2(b)**

   a.   Plaintiff identify and disclose expert witnesses by: July 1, 2024
        (60 days prior to the discovery cut-off).
   b.   Defendant identify and disclose experts by: July 31, 2024
        (30 days after Plaintiff's disclosure.)
   c.   Plaintiff's Disclosure of rebuttal experts by: August 7, 2024
        (2 weeks after Defendant's disclosure.)
   d.   All discovery relevant to experts completed by: August 30, 2024

9.   **TRIAL DATE:** The date of the trial and the pretrial conference will be scheduled at a trial scheduling conference following the resolution of dispositive motions or the conclusion of Court-supervised ADR.