Scott Swanson (ISB #8156)
Shaver & Swanson, LLP
913 W. River St., Ste 420
P.O. Box 877
Boise, ID 83701-0877
Telephone (208) 345-1122
Fax (888) 388-6035
Email: Swanson@shaverswanson.com

*Attorneys for Defendant*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| BOTANIC TONICS, LLC<br>        Plaintiff,<br><br>vs.<br><br>MIT THERAPY, INC.<br>        Defendant. | DEFENDANT'S ANSWER AND COUNTERCLAIMS<br><br>Case No. 1:23-CV-00325-AKB |

COME NOW the Defendant, MIT THERAPY INC (hereinafter "MIT Therapy"), responds to the Complaint and Demand for Jury Trial filed by the Plaintiff, BOTANIC TONICS, LLC (hereinafter "Botanic Tonics") as follows:

**PARTIES**

1. MIT Therapy lacks sufficient information to either confirm or deny the allegations of paragraph 1, and therefore denies the same.

2. Admitted.

## JURISDICTION AND VENUE

3. MIT Therapy admits Plaintiff's Complaint recites causes of action for trademark infringement and federal unfair competition.

4. MIT Therapy Admits that the Court has subject matter jurisdiction over the claims recited in Plaintiff's complaint.

5. MIT Therapy admits the Court has personal jurisdiction over MIT Therapy. MIT Therapy denies the remaining allegations expressly stated or implied in paragraph 5.

6. MIT Therapy admits that the District of Idaho is the proper venue for this matter.

## STANDING

7. MIT Therapy lacks sufficient information to either confirm or deny the allegations of paragraph 7 and therefore denies the same.

## STATEMENT OF FACTS

8. MIT Therapy lacks sufficient information to either confirm or deny the allegations of paragraph 8 and therefore denies the same.

9. MIT Therapy lacks sufficient information to either confirm or deny the allegations of paragraph 9 and therefore denies the same.

10. MIT Therapy lacks sufficient information to either confirm or deny the allegations of paragraph 10 and therefore denies the same.

11. MIT Therapy lacks sufficient information to either confirm or deny the allegations of paragraph 11 and therefore denies the same.

12. MIT Therapy lacks sufficient information to either confirm or deny the allegations of paragraph 12 and therefore denies the same.

13. MIT Therapy lacks sufficient information to either confirm or deny the allegations of paragraph 13 and therefore denies the same.

14. MIT Therapy lacks sufficient information to either confirm or deny the allegations of paragraph 14 and therefore denies the same.

15. MIT Therapy lacks sufficient information to either confirm or deny the allegations of paragraph 15 and therefore denies the same.

16. MIT Therapy lacks sufficient information to either confirm or deny the allegations of paragraph 16 and therefore denies the same.

17. MIT Therapy lacks sufficient information to either confirm or deny the allegations of paragraph 17 and therefore denies the same.

18. MIT Therapy lacks sufficient information to either confirm or deny the allegations of paragraph 18 and therefore denies the same.

19. MIT Therapy admits to being a company that manufactures and distributes kava and kratom based tonics, kava capsules and gummies directly to consumers via MIT Therapy's website. MIT Therapy further admits that it sells these products to third party retailers who in turn sell the product to consumers through third-party brick-and-mortar retail stores and, upon information and belief, online retail websites. MIT Therapy admits to marketing, manufacturing, and/or distributing its kava and kratom products under the brand "Alternative Tonics." MIT Therapy denies the remaining allegations expressly stated or implied in paragraph 19 of Plaintiff's Complaint.

20. MIT Therapy admits that its logo incorporates two leaves connected by a single stem with one leave partially enveloping a ball, and that in most depictions of this logo the ball is orange. MIT Therapy admits that Paragraph 20 of Plaintiff's complaint also depicts a prior,

discontinued version of the MIT Therapy packaging for the Blueberry Watermelon flavored tonic. MIT Therapy denies that its logo shows a plant and denies the remaining allegations of Paragraph 20.

21. MIT Therapy lacks sufficient information to either confirm or deny the allegations of paragraph 21 and therefore denies the same.

22. MIT Therapy admits that some of its tonics are made from kava and kratom, and that the benefits of such tonics are believed to be enhanced productivity and relaxation as an alcohol alternative, but Defendant lacks sufficient information and knowledge to determine which tonics Plaintiff is referring to and therefore denies that all of the tonics contain both Kava and Kratom. MIT Therapy further lacks sufficient information to either confirm or deny the remaining allegations of paragraph 22 and therefore denies the same.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. MIT Therapy denies that Feel Free is a trademark used by MIT Therapy. MIT Therapy admits that MIT Therapy uses Alternative Tonics as a trademark, including in distribution to third party distributors and retailers directly or indirectly. MIT therapy denies the remaining allegations whether express or implied of paragraph 27.

28. Denied.

29. Denied.

30. Admitted.

31. MIT Therapy lacks sufficient information to either confirm or deny the allegations of paragraph 31 and therefore denies the same.

32. Denied.

33. Denied.

34. Denied.

## COUNT I
## FEDERAL TRADEMARK INFRINGEMENT
## (15 U.S.C. §1114)

35. MIT Therapy re-alleges and incorporates by reference paragraphs 1 through 34 as if fully set forth herein.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

## COUNT II
## IDAHO COMMON LAW TRADEMARK INFRINGEMENT
## (IC §48-512)

42. MIT Therapy re-alleges and incorporates by reference the denials and admissions if fully set forth herein.

43. MIT Therapy lacks sufficient information to either confirm or deny the allegations of paragraph 43 and therefore denies the same.

44. Denied.

*Defendant's Answer and Counterclaim - 5*

45. Denied.

46. MIT Therapy denies that Botanic Tonics is entitled to any relief.

## COUNT III
## FEDERAL UNFAIR COMPETITION
## (15 U.S.C. §1125(a))

47. MIT Therapy re-alleges and incorporates by reference the denials and admissions as if fully set forth herein.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

## AFFIRMATIVE DEFENSES

1. Descriptive fair use. MIT Therapy used the statement "feel free" to describe the intended effect of the products. This use is a descriptive fair use pursuant to 15 U.S.C. § 115(b)(4). Defendant's use of the term is not as a trademark or service mark, but fairly and in good faith the describe its goods.

2. Plaintiff's claimed mark "Feel Free" is descriptive and has not acquired distinctiveness through secondary meaning and is thus not protectable under any of the asserted statutes or common law.

3. Plaintiff's claimed trademark registrations of "feel free" is invalid for being descriptive and not having acquired distinctiveness through secondary meaning.

## REQUEST FOR RELIEF

A. MIT Therapy respectfully requests the Court dismiss each of Botanic Tonic's claims with prejudice, and award Botanic Tonic no relief requested.

B. MIT Therapy respectfully requests the Court award MIT Therapy its costs, as well as attorney fees pursuant to 15 U.S.C. § 1115(a) and other applicable statutes and rules.

C. MIT Therapy respectfully requests any further relief the Court determines to be just and proper.

## JURY TRIAL DEMAND

MIT Therapy respectfully demands a jury trial on all claims and issues so triable.

## COUNTERCLAIMS

For its counterclaims against Plaintiff/Counter defendant Botanic Tonics, LLC ("Botanic Tonics"), Defendant MIT Therapy, Inc., ("MIT Therapy") alleges as to its own conduct and on information and belief as to all other matters, as follows:

1. These Counterclaims arise out of the Complaint which alleges, purported violations of and seeks remedies and relief under the Lanham Act, 15 U.S.C. §§ 1114. These Counterclaims further arise under the Federal Declaratory Judgments Act, 28 U.S.C. §§ 2201, *et seq*.

2. This Court has original jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338, and 15 U.S.C. § 1121.

3. This Court further has jurisdiction over a claim seeking the cancellation of a trademark registration in an action involving that registration pursuant to 15 U.S.C. § 1119.

4. This Court has personal jurisdiction over Botanic Tonics, and by filing its Complaint in this Court, Botanic Tonics has consented to personal jurisdiction in this district.

5. Venue is proper in this district under 28 U.S.C. § 1391.

6. FACTS COMMON TO ALL COUNTS

7. All of the allegations of the Complaint filed in this matter, as admitted, denied or supplemented with additional affirmative allegations and affirmative defenses as set forth in this Answer and Counterclaim are incorporated herein by this reference as if set forth in full.

8. Botanic Tonics assert two federal trademark registrations (U.S. Trademark Registration Nos. 7,018,376 and 6,396,112).

9. Upon information and belief, U.S. Trademark Registration No. 6,396,112 was filed as U.S. Trademark Application No. 90/235,719 on October 5, 2020.

10. Upon information and belief, U.S. Trademark Application No. 90/235,719 claimed a date of first use of the alleged "Feel Free" mark on April 12, 2020.

11. Upon information and belief, U.S. Trademark Registration No. 7,018,376 was filed as U.S. Trademark Application No. 97/292,962 on March 3, 2022.

12. Upon information and belief, in U.S. Trademark Application No. 97/292,962 The application alleged a date of first use of the alleged "Feel Free" mark as of April 12, 2020.

13. The term "feel free" describes an intended quality, aspect, characteristic, and feeling a user is intended to experience upon drinking Plaintiff's drink.

14. The term "feel free" is commonly used to describe a feeling of lower inhibition, such as in social situations.

15. A similar terminology in the alcohol industry is "social lubricant", which is similarly used by both Botanic Tonics and MIT Therapy.

16. Plaintiff markets its drink under the alleged "feel free" mark as an alcohol substitute.

17. Plaintiff uses the term "feel free" descriptively to describe the feeling a user obtains from drinking Plaintiff's product bearing the feel free label.

18. Upon information and belief, Botanic Tonics has previously described its product on its website as "[a] new way to feel good and feel free." For example, see Exhibit A, screenshot taken from the Wayback Machine of Plaintiff's website by the Wayback Machine on November 28, 2020.

19. Botanic Tonics descriptively refers to kava products as a way to "feel free" on its social media accounts such as to "fee free with the sun", and on its search engine summaries. For example, see Exhibit B.

20. Upon information and belief, Plaintiff's distributors reference Plaintiff's product as a way to "feel free". For example, see Exhibit C.

### COUNTERCLAIM I

*Cancellation of U.S. Trademark Registration No. 6,396,112*

21. MIT Therapy recites and realleges the allegations of paragraphs 1 to 19 as though fully set forth herein.

22. Plaintiff's claimed use of "feel free" was descriptive when the application that matured into Registration No. 6,396,112 was filed in the United States.

23. Plaintiff's claimed use of "feel free" was descriptive and had not obtained secondary meaning on June 22, 2021, when U.S. Trademark Registration Serial No. 6,396,112 issued.

24. Plaintiff's trademark registration No. 6,396,112 should not have been issued because the mark "feel free" was descriptive at the time of filing through registration and had not obtained secondary meaning.

25. Accordingly, the Court should cancel Plaintiff's trademark registration pursuant to 15 U.S.C. § 1119 as it should not have issued pursuant to 15 U.S.C. § 1052(e)(1) as it had not become distinctive of Plaintiff's goods pursuant to 15 U.S.C. § 1052(e)(2).

## COUNTERCLAIM II

*Cancellation of U.S. Trademark Registration No. 7,018,376*

26. MIT Therapy recites and realleges the allegations of paragraphs 1 to 25 as though fully set forth herein.

27. Plaintiff's claimed use of "feel free" was descriptive when Plaintiff filed U.S. Trademark Application Serial No. 90/235,719 on March 3, 2022.

28. Plaintiff's claimed use of "feel free" was descriptive and had not obtained secondary meaning on April 4, 2023, when U.S. Trademark Registration Serial No. 7,018,376 issued.

29. Plaintiff's trademark registration should not have been issued because the mark "feel free" was descriptive at the time of filing through registration and did not obtain secondary meaning.

30. The Court should cancel Plaintiff's trademark registration pursuant to 15 U.S.C. § 1119 as it should not have issued pursuant to 15 U.S.C. § 1052(e)(1) as it had not become distinctive of Plaintiff's goods pursuant to 15 U.S.C. § 1052(e)(2).

## Relief Requested

Defendant respectfully requests the Court grant the following relief:

A. Order the cancellation of each of the pleaded "Feel Free" trademark registrations asserted by Botanic Tonics.

B. The Court award costs and attorney fees to the Defendant pursuant to at least 15 U.S.C. § 1115(a).

C. For other such relief as the Court deem just and proper.

DATED: October 5, 2023,                    Respectfully submitted,

/s/Scott D. Swanson
Scott D. Swanson
Shaver & Swanson, LLP
Attorney for Defendant

*Defendant's Answer and Counterclaim - 11*

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 5th day of October, 2023, I filed the foregoing DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT and COUNTERCLAIMS electronically through the CM/ECF system, which caused the parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing

*/s/Scott D. Swanson/*
Scott D. Swanson

*Defendant's Answer and Counterclaim - 12*